

2016 FEB 29 AM 11: 0

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,      )     No. 72850-4-I

         Respondent,      )     DIVISION ONE

         v.      )

BRIAN CHADWICK DUBLIN,      )     UNPUBLISHED OPINION

         Appellant.      )     FILED: <u>February 29, 2016</u>

_____)

SPEARMAN, C.J. — When evaluating whether to grant a motion for postconviction deoxyribonucleic acid (DNA) testing under RCW 10.73.170, a trial court must presume that the DNA evidence sought would be favorable to the convicted individual. Because the record in this case does not reflect that the trial court applied this presumption, we reverse and remand for the trial court to consider Brian Dublin's request under the proper standard.

## FACTS

On October 8, 2003, at approximately 3:00 a.m., 18-year-old A.B. was asleep in the home of her mother and stepfather in an isolated, wooded area of Vashon Island. She awoke to see a man standing in her dark bedroom. The man was holding a knife and wearing a baseball cap and a dust mask over his mouth. In a low, raspy voice, the man told A.B. to stay quiet and take off her clothes. He also told her that he had tied up the rest of her family. The man put his mouth on A.B.'s neck, breasts and vaginal area, and then proceeded to rape her vaginally.

A.B. was taken to the hospital where her neck, breasts and vaginal area were swabbed for DNA. Officers took several items from A.B.'s room including the sheets and pillowcases from the bed, a five foot tall stuffed panda that A.B. said the suspect put his head on, and a pair of gray underwear that officers believed could have belonged to the suspect. Analysis of sperm found in the vaginal swab and saliva found in the skin swabs revealed DNA belonging to a single unidentified male. The other items from the bedroom were not tested for DNA.

A burglary and sexual assault with similar characteristics to that of A.B. took place on Vashon Island in 2006 against 12-year-old G.G., and again in 2010 against 16-year-old E.P. E.P. recognized the assailant as Dublin, at whose house she had attended a couple of parties and whose young child she had occasionally babysat. A subsequent search of Dublin's home revealed a notebook containing a list of names, including A.B.'s full name, G.G.'s initials and E.P.'s first name. A DNA sample taken from Dublin matched the DNA extracted from A.B.'s skin and vaginal swabs and E.P.'s vaginal swabs.

The State charged Dublin with first degree rape, attempted first degree rape and first degree burglary with sexual motivation. A jury convicted Dublin and this court affirmed his convictions in an unpublished opinion.[1]

On October 14, 2014, acting pro se, Dublin filed a motion under RCW 10.73.170 seeking post-conviction DNA testing of the underwear, sheets and stuffed animal from A.B.'s bedroom. On November 17, 2014, the trial court denied the motion without oral argument. The trial court's order read as follows:

---

[1] State v. Dublin, noted at 175 Wn. App. 1013, 2013 WL 2919004 (June 10, 2013). Clerk's Papers (CP) at 40-48.

> The Court considered the Defendant's Motion, the case files herein, and the decision in this case from the Court of Appeals. The motion was forwarded to the plaintiff State, but no response was received so the Court assumes that the State had no objection to the Defendant's motion. However, the Court finds that the defendant has not shown the likelihood that the DNA evidence would demonstrate the defendant's innocence on a more probable than not basis.

CP at 108. The State filed a belated response on November 21, 2014, but the record does not show that it was reviewed or considered by the trial court. Dublin appeals.

## DECISION

RCW 10.73.170(1) allows a convicted person currently serving a prison sentence to file a motion requesting DNA testing with the court that entered the judgment of conviction. The motion must explain "why DNA evidence is material to the identity of the perpetrator of ... the crime" and show that "the DNA evidence would demonstrate innocence on a more probable than not basis." RCW 10.73.170(2)(b), (3). When determining if it is likely the DNA evidence would demonstrate innocence, a trial court must "presume that the DNA evidence would be favorable" to the convicted person. State v. Crumpton, 181 Wn.2d 252, 258, 332 P.3d 448 (2014). The trial court should then consider whether the presumably favorable DNA evidence would raise a reasonable probability the person was not the perpetrator in light of all of the other evidence presented at trial. Crumpton, 181 Wn.2d at 258.

We review a trial court's decision on a motion for post-conviction DNA testing for abuse of discretion. State v. Thompson, 173 Wn.2d 865, 870, 271 P.3d 204 (2012). A trial court abuses its discretion if its decision was reached by applying the wrong legal standard. State v. Gentry, 183 Wn.2d 749, 764, 356 P.3d 714 (2015).

-3-

Here, there is no indication in the record that the trial court applied the favorable presumption in ruling on Dublin's motion. In its order, the trial court recited the statutory language, but made no mention of a presumption of favorability or hypothetical inferences from an exculpatory test result. Accordingly, we are forced to conclude the trial court did not apply the proper standard and therefore abused its discretion. Crumpton, 181 Wn.2d at 263-64. We reverse and remand to the trial court to apply the correct standard.[2]

Spencer, C.J.

WE CONCUR:

Leach, J.

Appelwick, J.

---

[2] We also note that RCW 10.73.170(2)(a) establishes a procedural predicate to the trial court's consideration of Dublin's motion. State v. Riofta, 166 Wn.2d 358, 364, 209 P.3d 467 (2009). That section requires that:

> (2) The motion shall:
> (a) State that:
> (i) The court ruled that DNA testing did not meet acceptable scientific standards; or
> (ii) DNA testing technology was not sufficiently developed to test the DNA evidence in the case; or
> (iii) The DNA testing now requested would be significantly more accurate than prior DNA testing or would provide significant new information[.]

The trial court made no findings that the motion met any of these criteria and the parties do not address the issue on appeal. It may be that Dublin's motion is sufficient to satisfy the statutory predicate. See Riofta at 365-66. Nonetheless, on remand it is incumbent upon the trial court to explicitly make this finding before considering the substance of the motion.